## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **IN RE: SHIRLEY WHITLOW** | ) | **CHAPTER 13** |
| | ) | |
| **Debtor.** | ) | **CASE NO. 09-71228** |
| **THE CITY OF ROANOKE, VIRGINIA,** | ) | |
| | ) | |
| **Movant** | ) | **MOTION FOR** |
| | ) | **ANNULMENT OF** |
| **v.** | ) | **AUTOMATIC STAY** |
| | ) | |
| **SHIRLEY WHITLOW and** | ) | |
| **REBECCA B. CONNELLY, TRUSTEE,** | ) | |
| | ) | |
| **Respondents.** | ) | |

### MEMORANDUM DECISION

The matter before the Court is the Motion for Annulment of Automatic Stay filed by the City of Roanoke, Virginia (hereinafter referred to as "the City") against Shirley Whitlow and Rebecca B. Connelly, Trustee, requesting that the automatic stay provisions of 11 U.S.C. § 362(e) be annulled, or alternatively, that said stay be terminated or modified with regard to certain real property owned by the Debtor. On June 3, 2009, a default Order was entered by this Court granting the Motion. On June 4, 2009, the Debtor filed a response to the Motion. On June 5, 2009, the Debtor then filed a Motion to Reconsider Lifting of Automatic Stay, which was set for hearing on June 22, 2009 by Order of this Court entered June 10, 2009. A hearing was held on these matters on June 22, 2009. The Debtor and her brother, Charles Whitlow, both testified at the hearing and counsel for both parties argued their respective positions on the Motions. The Debtor's motion for reconsideration was granted and the hearing proceeded on the merits of the original Motion. At the conclusion of this hearing, the City's Motion was taken under

advisement. The particular issue at hand is the nature of the Debtor's interest in the property at the time of the bankruptcy filing and whether the property at issue is property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1). Because the Court concludes that the Debtor's interest in her property was sold and under applicable Virginia law her right to redeem her ownership rights in such property, the "equity of redemption," had expired prior to her bankruptcy petition being filed, the automatic stay ought to be modified to permit the City of Roanoke to seek confirmation of the sale by the Circuit Court of the City of Roanoke, Virginia.

FINDINGS OF FACT

At the June 22nd hearing Darren T. Delafield, Esquire noted his appearance as counsel for the Debtor. Both the Debtor and her brother, Charles Whitlow, appeared and testified at the hearing. Counsel for the City, the Assistant United States Trustee for the Western District of Virginia and the chapter 13 trustee also appeared.

The relevant facts of this case are essentially undisputed. The Debtor, Shirley Whitlow, filed a voluntary Chapter 13 petition with this Court on May 15, 2009. On May 19, 2009, the City of Roanoke filed a motion seeking annulment of the automatic stay asserting that the Debtor owns a one-half interest in real estate known as 1825 Salem Avenue, S.W. in Roanoke, Virginia (hereinafter referred to as "the Property") together with Charles Whitlow, as joint tenants with the right of survivorship. There is currently pending in the Circuit Court for the City of Roanoke an action in which the court entered a Decree of Sale directing the sale of the Property to satisfy delinquent real estate taxes and other statutory liens. That court on December 27, 2008 entered a Decree of Sale which appointed Steven L. Higgs as Special Commissioner and

directed him to conduct an auction sale and report to the court the result of the sale to be confirmed or rejected by that court before the deed is to be delivered to the successful bidder. The Property was sold prior to the filing of the Debtor's petition at public auction conducted on May 13, 2009. The auction purchaser executed on that date a binding Memorandum of Sale and deposited with the Special Commissioner a cash earnest money deposit to secure the same. These events were recounted by Mr. Higgs and acknowledged by Mr. Delafield.

Counsel for the City also represented that the first public auction of the Property was scheduled for May 2008, but was cancelled due to the filing of a bankruptcy petition by Charles Whitlow on May 14, 2008; a case which was later dismissed on September 9, 2008 due to the debtor's failure to proceed. A second sale was then scheduled, but again Mr. Whitlow filed a petition the morning of the scheduled sale and the sale was cancelled. That case was also dismissed by the Court on April 28, 2009. The sale was re-scheduled for May 13, 2009. Again Mr. Whitlow filed a petition in this Court on the morning of the scheduled sale, but Mr. Higgs did not cancel the sale this time because no automatic stay came into effect,[1] and the Property was sold to a third party at auction. Two days after the sale was conducted, the Debtor filed her own petition.

CONTENTIONS OF THE PARTIES

The City alleges that the Property is not property of the estate as defined in 11 U.S.C. § 541 because the Debtor's statutory right of redemption in the Property was terminated

---

[1] *See* 11 U.S.C. § 362(c)(4)(A)(i). By Order entered May 19, 2009, this Court confirmed that the automatic stay had not been in effect when the sale was conducted.

prior to the date of the sale as prescribed by Va. Code Ann. § 58.1-3974. Therefore, the Debtor had no legal or equitable interest in the Property as of the commencement of the case. The City also asks the Court to take notice of the fair market value of the Property of $39,700 as assessed for real estate tax purposes. The City further alleges that there is a lack of adequate protection of its interest in the Property in that the Debtor is not in a financial position to cure the delinquency, the Debtor failed to timely redeem the Property and has not offered any adequate protection. The City asks that the automatic stay be annulled or, in the alternative, that it be granted relief from the stay or that such stay be modified or conditioned upon the provision of adequate protection to the City; that the Property be abandoned from the bankruptcy estate under 11 U.S.C. § 554(b); and that the order shall become effective immediately, notwithstanding the provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

The Debtor asserts that she has the ability to stop a sale of the Property that is incomplete by the filing of a bankruptcy petition. As the May 13 sale has not been confirmed by the circuit court, the sale was not complete. Therefore, the Property is part of the bankruptcy estate and the automatic stay should remain in effect.[2]

---

[2] The hearing on the Debtor's Motion began at approximately 11:55 a.m. and concluded around 1:00 p.m. on June 22. At approximately 12:10 p.m. on June 22, several documents were docketed as exhibits to the Motion to Reconsider by Debtor's counsel's office. The City filed an objection to the admissibility of these "exhibits" on June 23, 2009 and scheduled the matter for hearing on July 13, 2009. On June 26, 2009, Debtor's counsel filed an answer to this objection stating that the Debtor does not seek to have the documents entered into evidence. As these documents were not admitted into evidence at the hearing, the Court will not take any of the documents in question into consideration.

CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984.  Determination of a motion to terminate, annul or modify the automatic stay is a "core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2)(G).  Determination of whether particular property is property of the bankruptcy estate is likewise a "core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

The bankruptcy estate includes "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).  Except for the rights of the bankruptcy trustee to enlarge the bankruptcy estate under 11 U.S.C. §§ 544, *et seq.*, the property interests which pass to the bankruptcy estate are no more extensive than those possessed by the debtor as of the date of filing.  Filing bankruptcy cannot revest the debtor with property lost pre-petition by foreclosure or eviction.  *See* 5 *Collier on Bankruptcy* ¶ 541.04, at 541-12 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.); *Boyd v. United States (In re Boyd)*, 11 F.3d 59 (5th Cir. 1994)(property was foreclosed and debtor evicted pre-petition; property never became property of the estate and could not be revested by order of the bankruptcy court).  The debtor's interest in real property is determined by the law of the state in which the real property is located.  *See Butner v. United States*, 440 U.S. 48, 52-55 (1979) (decided under the Bankruptcy Act); 5 *Collier on Bankruptcy* ¶ 541.05, at 541-15.

Proceedings to sell real property in Virginia upon which the applicable assessed taxes have not been paid are provided for in §§ 58.1-3965 thru -3974.  These sections authorize a judicial sale of such property similar to a proceeding to sell real property to enforce a judicial lien

against it. They direct that a special commissioner be appointed by the court to conduct a sale of the property pursuant to a decree of sale and then report the result of the sale back to the court, which can either confirm such sale or decline to do so. Va. Code Ann. §§ 58.1-3965, -3967, -3969, and - 3970.1. For such proceedings Virginia law expressly provides to the property owner an opportunity to pay the delinquent taxes and redeem the property before it is lost. Specifically, Va. Code § 58.1-3974 provides, in pertinent part, that:

> Any owner of the real estate described in any notice published pursuant to § 58.1-3965 or any bill in equity filed pursuant to this article . . . shall have the right to redeem such real estate prior to the date set for a judicial sale thereof by paying into court all taxes, penalties and interest due with respect to such real estate, together with all costs including costs of publication and a reasonable attorney's fee set by the court.

Accordingly, under Virginia law, the owner loses the right known as the "equity of redemption" prior to the date of the judicial sale. The sale cannot be rescinded simply by filing a bankruptcy petition when the debtor no longer has the equity of redemption.

> Equity of redemption allows the debtor to pay the indebtedness and require the secured party to reconvey the property to him free of the deed of trust lien. Once the property is sold, the debtor's equitable interest is extinguished, unless he can show that there was some deficiency in the sale process.

*Abdelhaq v. Pflug,* 82 B.R. 807, 809 (E.D. Va. 1988) (citations omitted). An equity of redemption comes within the scope of "all legal or equitable interests of the debtor in property" and, as such, becomes property of the estate under § 541.

In *Rolen v. Southwest Virginia Nat'l Bank (In re Rolen),* 39 B.R. 260, 264 (Bankr. W.D. Va. 1983), this Court stated "Virginia law appears conclusive on [when a foreclosure sale is final.] In a sale by a trustee under a Deed of Trust, the sale is complete when the trustee knocks

the land down to the bidder, makes a memorandum of the sale and its terms, and signs the same." Once the auctioneer's hammer falls and he signs a memorandum of sale, the Debtor no longer possesses a legal or equitable interest in the property. *Abdelhaq,* 82 B.R. at 810. *Accord In re Wolfe*, 344 B.R. 762, 768 (Bankr. W.D. Va. 2006). If the sale fails due to the buyer's default or other cause, the owner's rights are in effect reinstated and become property of the estate, but if the sale closes, the debtor's rights are irretrievably gone. While this case involves a judicial sale rather than a foreclosure sale under a deed of trust and there is a definite distinction between the two in that a judicial sale requires a court confirmation of the sale while a foreclosure sale under a deed of trust does not, the Court concludes that in each case the critical inquiry turns on when the property owner loses his or her right to redeem the property. This Court's decision in *Wolfe* turned on precisely when that occurred under a Virginia foreclosure sale. In either type of sale there is a possibility that a sale already conducted may not become final. That could occur as a result of a default by the successful bidder or by the court declining to confirm the sale. Even under a foreclosure sale a property owner might file a legal action attempting to challenge the sale's validity after the auction sale has occurred but prior to its closing by payment of the sale price and delivery of the trustee's deed. If a sale of either kind fails for whatever reason, the owner's rights to redeem the property by satisfying the lien(s) against it are re-established, but unless and until such an event occurs, the owner has lost the ability solely thru his or her own efforts to save the property rights lost by reason of the sale. In the dispute before the Court it is undenied that the sale was conducted and a memorandum of sale was made prior to the filing of the Debtor's petition. Under the wording of the Virginia statute previously noted, the Court concludes that the Debtor prior to the filing of her petition in this Court lost her ability to redeem

the Property unless the state court refuses to confirm the sale. The Debtor's ownership of this property can only become an asset of the bankruptcy estate if the state court declines to confirm the sale or the sale otherwise fails before completion.

Based on the foregoing, this Court holds that the proper relief is not to nullify the automatic stay, which might have been appropriate if the judicial sale had occurred following the filing of the bankruptcy petition but without knowledge of such fact, but rather to modify the automatic stay to permit the City to seek confirmation of the sale by the state circuit court and, if the sale is confirmed, to proceed to complete the sale to the prospective purchaser. However, if such sale is not confirmed, the Debtor's interest in the property will become property of the bankruptcy estate and subject to the automatic stay. This action of the Court is of course without prejudice to the Debtor's rights under Virginia law to oppose the confirmation of the sale before the Circuit Court of the City of Roanoke on the basis of the evidence offered in this Court with respect to the actual existence or applicability to the Debtor's property of certain liens recited in the Decree of Sale entered in that court.

An order in accordance with the provisions of this Memorandum Decision shall be entered contemporaneously herewith.

This 6th day of July, 2009.

_William F. Stone, Jr._
UNITED STATES BANKRUPTCY JUDGE